UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RUSSELL JACKSON,

                       Plaintiff,

       -against-

SULLIVAN COUNTY,

                       Defendant.
------------------------------------------------------------X

**OPINION AND ORDER**

16 Civ. 3673 (JCM)

Plaintiff Russell Jackson, proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983 alleging that while detained at the Sullivan County Jail he was denied adequate prison conditions and medical care in violation of his constitutional rights. (Docket No. 2 ("Complaint")). The Honorable Nelson S. Román *sua sponte* dismissed the case against the Sullivan County Jail and directed the Clerk of the Court "to amend the caption of this action to replace the Sullivan County Jail with Sullivan County." (Docket No. 6 at 2). On March 10, 2017, Defendant Sullivan County moved pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings dismissing all claims contained in the Complaint.[1] (Docket Nos. 24–30). Plaintiff filed no opposition.[2] For the following reasons, Defendant's motion to dismiss is granted in its entirety.

---

[1] This action is before the undersigned for all purposes on consent of the parties, pursuant to 28 U.S.C. § 636(c). (Docket No. 17).

[2] Plaintiff's opposition was due on February 28, 2017. The Court scheduled a telephone conference for March 31, 2017, in part, to ascertain whether Plaintiff intended to file a written response and to allow Plaintiff an opportunity to orally oppose Defendant's motion. Plaintiff did not appear for the telephone conference, nor did he request an extension of time to file any opposition. Thus, the Court deemed the motion fully submitted without opposition.

1

## I. BACKGROUND

For purposes of resolving the instant motion, the Court accepts as true the facts set forth in Plaintiff's Complaint. Based on a liberal reading of the Complaint, Plaintiff seems to allege that, in March 2016, he suffered blisters, sores, headaches, and itching as a result of "mold infested showers" at the Sullivan County Jail. (Docket No. 2 at §§ II, III). These symptoms affected his sleep, mood, temperament and comfort. (*Id.* at § II(D)). Plaintiff acknowledges that he spoke to a doctor and was examined by a nurse during "the first time" that he "went to medical." (*Id.*). He "received antibiotic ointment[,] A&D ointment and lotion." (*Id.* at § III). Plaintiff states that he filed a grievance in the jail, that he "went through all steps and process of the grievance," that his "last step was to appeal the decision," and that he does "not agree with there [sic] remedy." (*Id.* at § IV(E)(3)). Plaintiff also maintains that he was treated "unfair[ly]." (*Id.* at § V). He seeks payment as compensation for his "distress" and "suffering." (*Id.*)

## II. LEGAL STANDARD

Under Rule 12(c) of the Federal Rules of Civil Procedure, "a party may move for judgment on the pleadings."[3] Fed. R. Civ. P. 12(c). A court deciding a motion to dismiss must first accept all of the factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To

---

[3] In support of its motion, Defendant submits several affidavits, (Docket Nos. 25–29), which contain information outside of the pleadings, and asks the Court to convert its motion into a motion for summary judgment if necessary, (Docket No. 35 at 2–3). In addition, Defendant served a notice pursuant to Local Civil Rule 12.1 on the Plaintiff, alerting Plaintiff of its request to treat the motion as a motion for summary judgment and further warning Plaintiff that failure to respond could result in dismissal of the case without a trial. (Docket No. 30). Despite Defendant's warning, Plaintiff did not file a response. Nevertheless, it is unnecessary to convert the motion to dismiss into a motion for summary judgment because the Complaint can be dismissed on the pleadings. Thus, the Court will not consider Defendant's affidavits.

[4] Although Defendant moved to dismiss pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "the Court applies the same standard applicable to a Rule 12(b)(6) motion to dismiss." *Rodriguez v. Warden, Metro. Corr. Facility*, No. 13 Civ. 3643 (PAC)(SN), 2015 WL 857817, at *6 (S.D.N.Y. Feb. 27, 2015) (citing *Hayden v. Paterson,* 594 F.3d 150, 160 (2d Cir. 2010)).

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))); *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) ("On a motion to dismiss or for judgment on the pleadings we must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." (internal quotation marks omitted)). The facts alleged must be more than legal conclusions. *Iqbal*, 556 U.S. at 678–79 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555.

The court must then determine whether the allegations, accepted as true, "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Determining whether a complaint states a plausible claim to relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "'[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,' a complaint is insufficient under Fed. R. Civ. P. 8(a) because it has merely 'alleged' but not 'show[n] that the pleader is entitled to relief.'" *9 Recordings Ltd. v. Sony Music Entm't*, 165 F. Supp. 3d 156, 160 (S.D.N.Y. 2016) (quoting *Iqbal*, 556 U.S. at 679). If a plaintiff has "not nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

*Pro se* complaints should be liberally construed and "held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." *James v. Correct Care Solutions*, No. 13-cv-0019 (NSR), 2013 WL 5730176, at *2 (S.D.N.Y. Oct. 21, 2013) (quoting *Thomas v. Westchester Cty.*, No. 12-CV-6718 (CS), 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013));[5] *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (noting that *pro se* complaints require "special solicitude" and therefore the court should interpret the complaint to raise the strongest claims). "However, even pro se plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555).

The Court may consider the allegations set forth in the "complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). In the instant case, Plaintiff refers to a grievance he filed as part of the jail's internal grievance procedure. Although he did not include the grievance as an exhibit to his Complaint, Plaintiff filed a copy with the Court on December 13, 2016. (Docket No. 23). It is clear that Plaintiff was aware of Defendant's response because he signed the decision to deny his grievance and indicated that he did not accept it. (*Id.*). Accordingly, this Court "will consider the grievance as incorporated by reference into Plaintiff's complaint in deciding the motion to dismiss." *James*, 2013 WL 5730176, at *3; *Whittle v. Ulloa*, No. 15 CV 8875 (VB), 2016 WL 7351895, at *1 n.3 (S.D.N.Y. Dec. 19, 2016); *see also Ellison v. Evans*, No. 13 Civ. 885(KBF), 2013 WL 5863545,

---

[5] In accordance with *Lebron v. Sanders*, 557 F.3d 76, 79 (2d Cir. 2009) and Local Civil Rule 7.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, a copy of this case and any others cited herein, only available by electronic database, accompany this Opinion and Order and shall be simultaneously delivered to Plaintiff, who is proceeding *pro se*.

4

at *1 n.5 (S.D.N.Y. Oct. 31, 2013), *aff'd sub nom. Fuller v. Evans*, 586 F. App'x 825 (2d Cir. 2014). The Court, however, will not consider other materials presented outside of the pleadings. *Supra* note 3; *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002); *Rodriguez*, 2015 WL 857817, at *7.

## III. DISCUSSION

### A. Failure to Exhaust Administrative Remedies

Defendant argues that Plaintiff's Complaint must be dismissed because Plaintiff failed to exhaust his administrative remedies, as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Docket No. 35 at 11). "Failure to exhaust administrative remedies is an affirmative defense under the PLRA, not a pleading requirement." *Williams v. Correction Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016). The defendant bears the burden of proof and inmate plaintiffs "need not plead exhaustion with particularity." *McCoy v. Goord*, 255 F. Supp. 2d 233, 248 (S.D.N.Y. 2003). "The Court may only grant a motion to dismiss based on failure to exhaust if non-exhaustion is clear from the face of the complaint." *Rodriguez*, 2015 WL 857817, at *3 (citing *Lewis v. City of New York*, No. 12 CV 5850 (CM), 2013 WL 3833001, at *3 (S.D.N.Y. July 23, 2013)).

Here, Plaintiff's failure to exhaust is not clear from the face of the Complaint. Rather, Plaintiff states in his Complaint that he filed a grievance and "went through all the steps." (Docket No. 2 at § IV(D), (E)(3)). In addition, Plaintiff provided the Court with a copy of the Informal Grievance Form, dated April 29, 2016, which appears to indicate that the responding officer agreed to "notify DPW and medical about the situation."[6] (Docket No. 23). Therefore,

---

[6] Defendant contends that Plaintiff never filed a "formal" grievance and, thus, he has not exhausted his administrative remedies. (*See* Docket No. 26 at ¶ 5). Because this argument is based on information outside of the pleadings, the Court will not consider it at this time. *See supra* note 3.

5

Defendant's motion for judgment on the pleadings for failure to exhaust is denied without prejudice.

**B. Sufficiency of the Complaint**

Plaintiff commenced this action using a "Prisoner Complaint" form, which indicates that he seeks relief pursuant to 42 U.S.C. § 1983. (Docket No. 2 at 1). Plaintiff's Complaint does not name any individuals as defendants; rather, Sullivan County is the only defendant in this action. (*See* Docket No. 2 at 1 (naming Sullivan County Jail as the sole defendant); Docket No. 6 at 3 (substituting Sullivan County for Sullivan County Jail)). Municipalities are not liable under 42 U.S.C. § 1983 "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Thus, "[t]o prevail against a municipality on a § 1983 claim, a plaintiff must demonstrate both an injury to a constitutionally protected right and that the injury was caused by a policy or custom of the municipality or by a municipal official responsible for establishing final policy." *Hartline v. Gallo*, 546 F.3d 95, 103 (2d Cir. 2008) (internal quotation marks omitted). As set forth below, Plaintiff has failed to adequately allege (1) a violation of a constitutionally-protected right and (2) the existence of a municipal policy or custom causing such a violation.

**1. Deprivation of a Constitutional Right**

A prerequisite to municipal liability is "an underlying constitutional violation by a state actor." *De Michele v. City of New York*, No. 09 Civ. 9334(PGG), 2012 WL 4354763, at *19 (S.D.N.Y. Sept. 24, 2012). Without this, the Court cannot find municipal liability. *Claudio v. Sawyer*, 675 F. Supp. 2d 403, 409–10 (S.D.N.Y. 2009) (citing *Segal v. New York City*, 459 F.3d 207, 219 (2d Cir. 2006)). Here, Plaintiff's claim read broadly is based on the condition of the showers at the Sullivan County Jail and the medical treatment he received. Plaintiff alleges that

he suffered blisters, headaches and itching as a result of mold in the showers and that the jail gave him antibiotic ointment, A&D ointment and lotion. (Docket No. 2 at §§ II, III). Plaintiff does not cite any constitutional provision on which his claim is based.

The applicable legal standard for evaluating Plaintiff's claim depends, in part, on whether Plaintiff's confinement in the Sullivan County Jail was as a pretrial detainee or a convicted prisoner. "A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eight[h] Amendment." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). On the face of the Complaint, it is unclear whether Plaintiff's confinement was as a pretrial detainee or a convicted prisoner.[7] The Court therefore assumes for purposes of this motion that Plaintiff was a pretrial detainee during the events giving rise to his claims, as a pretrial detainee's rights are greater than a convicted prisoner's since "[p]retrial detainees have not been convicted of a crime and thus 'may not be punished in any manner—neither cruelly and unusually nor otherwise.'" *Darnell*, 849 F.3d at 29 (quoting *Iqbal v. Hasty*, 490 F.3d 143, 168 (2d Cir. 2007)).

"A pretrial detainee may establish a § 1983 claim for allegedly unconstitutional conditions of confinement by showing that the officers acted with deliberate indifference to the challenged conditions." *Id.* This requires a detainee to satisfy a two-prong test. First, the detainee must show "that the challenged conditions were sufficiently serious to constitute

---

[7] Defendant submitted an affidavit signed by the administrator for the Sullivan County Jail stating that Plaintiff "was incarcerated as a result of being charged with a parole violation." (Docket No. 26 at ¶ 2). As far as this Court is aware, the Second Circuit has not directly addressed whether a parolee detained on an alleged parole violation should be treated as a pretrial detainee or a convicted prisoner for purposes of a Section 1983 condition-of-confinement claim. Regardless, the Court cannot consider evidence outside the pleadings, including the affidavits submitted by Defendant, for purposes of this motion. *See supra* note 3.

7

objective deprivations of the right to due process." *Id.* Second, the detainee must show "that the officer acted with at least deliberate indifference to the challenged conditions." *Id.*

To establish an objective deprivation under the first prong, "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." *Id.* at 30 (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013)). "There is no 'static test' to determine whether a deprivation is sufficiently serious; instead, 'the conditions themselves must be evaluated in light of contemporary standards of decency.'" *Id.* (quoting *Blissett v. Coughlin*, 66 F.3d 531, 537 (2d Cir. 1995)).

To establish deliberate indifference under the second prong, "the pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. Importantly, "[a] detainee must prove that an official acted intentionally or recklessly, and not merely negligently." *Id.* at 36. Below, the Court applies the two-prong test to Plaintiff's complaints regarding (i) the shower conditions and (ii) the medical treatment he received.

**i. Shower Conditions**

The Court first analyzes whether Plaintiff's complaints regarding shower conditions adequately allege an objective deprivation of Plaintiff's due process rights, as required under the first prong of the two-prong test. Although exposure to unsanitary conditions "can rise to the level of an objective deprivation," *Darnell*, 849 F.3d at 30, "there are many exposures of inmates to unsanitary conditions that do not amount to a constitutional violation." *Willey v. Kirkpatrick*, 801 F.3d 51, 68 (2d Cir. 2015). The Second Circuit has explained that "unsanitary conditions of confinement must be assessed according to two components, severity and duration, on a case-by-

case basis." *Darnell*, 849 F.3d at 30 (citing *Willey*, 801 F.3d at 66–68). Here, the sole allegation in Plaintiff's complaint regarding unsanitary conditions is that the showers were "mold infested." (Docket No. 2 at § III). Plaintiff's Complaint alleges no facts whatsoever regarding the severity or duration of his exposure to the allegedly unsanitary conditions. The presence of mold in a shower for a limited duration, without more, does not violate contemporary standards of decency or establish an objectively unreasonable risk of serious damage to future health or safety. Therefore, Plaintiff's complaints regarding shower conditions do not satisfy the first prong.

Moreover, assuming *arguendo* that Plaintiff has adequately alleged an objective deprivation of his due process rights as a result of the shower conditions, he has failed to adequately allege that an official acted with deliberate indifference regarding the challenged conditions, as required under the second prong of the two-prong test. Plaintiff's Complaint contains no allegation suggesting that officials intentionally subjected Plaintiff to mold in the showers. Nor does the Complaint contain any allegation suggesting that officials recklessly failed to act with reasonable care to mitigate the risk that the condition posed to Plaintiff even though they knew, or should have known, that the condition posed an excessive risk to his health or safety.

Furthermore, the grievance form that Plaintiff allegedly filed is dated April 29, 2016. (*See* Docket No. 23). The form states that the responding officer "will notify DPW [the Department of Public Works] and medical about the situation." (*Id.*) The Court takes judicial notice that April 29, 2016 was a Friday and that, according to public records, Plaintiff was transferred to

Collins Correctional Facility on May 2, 2016, the following Monday.[8] The fact that Plaintiff left the Sullivan County Jail the next business day after he allegedly filed his grievance undercuts any claim that jail officials acted with deliberate indifference regarding the challenged conditions, especially considering the relatively low urgency of mold in the showers.

ii. **Medical Treatment**

Similarly, Plaintiff's complaints regarding the medical treatment he received fail to satisfy either prong of the two-prong test. Under the first prong, the alleged deprivation of adequate medical care must be "sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006); *Byrd v. City of New York*, No. 17 Civ. 2166 (AJP), 2018 WL 259316, at *7 (S.D.N.Y. Jan. 2, 2018); *see also Isaac v. City of New York*, No. 17 Civ. 1021 (PGG), 2018 WL 1322196, at *4 (S.D.N.Y. Mar. 13, 2018) (finding that the plaintiff had "not set forth sufficient facts to demonstrate that the alleged delay in care was 'sufficiently serious'").

Here, Plaintiff has failed to allege facts demonstrating that he was denied adequate medical care. Rather, as noted above, Plaintiff alleges that he "went to medical," was examined by a nurse, spoke to a doctor and "received antibiotic ointment[,] A&D ointment and lotion." (Docket No. 2 at §§ II(D), III); *see Salahuddin*, 467 F.3d at 279 ("'[P]rison officials who act reasonably [in response to an inmate-health risk] cannot be found liable . . . .'" (alterations in original) (quoting *Farmer v. Brennan*, 511 U.S. 825, 845 (1994)). In any event, "[p]rison officials and medical officers have wide discretion in treating prisoners . . . ." *McNulty v. Yaneka*,

---

[8] The Court obtained Plaintiff's transfer date from the inmate lookup service on the official website of the New York State Department of Corrections and Community Supervision ("DOCCS") using Plaintiff's Identification Number, 13A1674. "Courts in this district have taken judicial notice of information obtained from online inmate tracking services." *Narvaez v. City of New York*, No. 16 Civ. 1980 (GBD), 2017 WL 1535386, at *5 n.6 (S.D.N.Y. Apr. 17, 2017) (quoting *Tavares v. New York City Health & Hosps. Corp.*, No. 13-cv-3148 (PKC)(MHD), 2015 WL 158863, at *3 (S.D.N.Y. Jan. 13, 2015)). The information from the DOCCS website is consistent with the assertion in the jail administrator's affidavit—on which the Court does not rely for purposes of this motion—that Plaintiff remained an inmate at the Sullivan County Jail "until May 2, 2016." (Docket No. 26 at ¶ 2).

No. 11-CV-8320 (ER), 2013 WL 684448, at *7 (S.D.N.Y. Feb. 25, 2013). "Accordingly, the determinations made by medical providers concerning the treatment of patients are given a presumption of correctness." *Id.* (internal quotation marks omitted).

Moreover, even if Plaintiff had alleged that he was denied adequate medical care, Plaintiff has failed to allege facts demonstrating that the deprivation was sufficiently serious, because there was no indication that a "condition of urgency" existed. *See Hill*, 657 F.3d at 122 ("The objective component requires that 'the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists.'" (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996))). "A skin rash is generally insufficient to meet the objective requirement of a sufficiently grave and serious condition giving rise to a deliberate indifference claim." *Purdie v. City of New York*, No. 10 Civ. 5802(PKC), 2011 WL 1044133, at *3 (S.D.N.Y. Mar. 15, 2011) (collecting cases). Consequently, Plaintiff's complaints regarding the medical care he received do not satisfy the first prong.

Furthermore, Plaintiff's allegations fail to satisfy the second prong because the Complaint contains no allegations suggesting that the medical providers at the jail acted with deliberate indifference to Plaintiff's medical needs. The fact that Plaintiff may be disappointed in the level of treatment he received does not constitute deliberate indifference. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim."). Indeed, "something more than negligence is needed to elevate a claim of medical misconduct to a constitutional tort." *Davis v. McCready*, No. 14-cv-6405-GHW, 2017 WL 4803918, at *9 (S.D.N.Y. Oct. 23, 2017) (citing *Darnell*, 849 F.3d at 36). Here, Plaintiff has not even alleged facts demonstrating that the medical providers at

11

the jail acted negligently. *Cf. Sankara v. City of New York*, No. 15-CV-6928 (VSB), 2018 WL 1033236, at *5 (S.D.N.Y. Feb. 22, 2018) ("Plaintiff has, at most, alleged that [the defendant] was negligent, but negligence alone is insufficient to make out a deliberate indifference claim."). Plaintiff's complaints regarding the medical care he received therefore fail to satisfy the second prong. As a result, Plaintiff has failed to adequately allege a deprivation of his constitutional rights.

## 2. Official Custom or Policy

Even if Plaintiff had adequately alleged a deprivation of his constitutional rights, dismissal would be appropriate because Plaintiff has failed to allege an official custom or policy, as required to state a claim against Defendant. To hold a municipality liable for its employee's constitutional violation, a plaintiff must show that "an official policy or custom" was "the cause of the deprivation." *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985). Furthermore, a plaintiff must "show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officer" and must specifically demonstrate "a causal connection—an affirmative link—between the policy and the deprivation of his constitutional rights." *Id.* (internal quotation marks omitted); *see also Thomas v. Roach*, 165 F.3d 137, 145 (2d Cir. 1999) ("[Municipal] liability cannot result from a theory of respondeat superior.").

A plaintiff may satisfy the "policy or custom" element "by alleging the existence of (1) a formal policy; (2) actions taken or decisions made by final municipal policymakers that caused the violation of plaintiff's rights; (3) a practice so persistent and widespread that it constitutes a 'custom or usage' and implies the constructive knowledge of policymakers; or (4) a failure to properly train or supervise municipal employees that amounts to 'deliberate indifference to the rights of those with whom municipal employees will come into contact.'" *Johnson v. City of New*

*York*, No. 1:15-CV-8195-GHW, 2017 WL 2312924, at *19 (S.D.N.Y. May 26, 2017) (citations omitted); *see also De Michele*, 2012 WL 4354763, at *20. Notably, "a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks omitted). Therefore, a municipality is only liable for a single instance of unconstitutional conduct when that instance was carried out in furtherance of a "municipality-wide custom, practice, or procedure." *De Michele*, 2012 WL 4354763, at *20. Here, Plaintiff has failed to allege any facts from which the Court could conclude that Defendant had a policy, custom or practice that gave rise to an alleged violation of Plaintiff's constitutional rights. Accordingly, the Court will dismiss Plaintiff's Section 1983 claim.

## IV. LEAVE TO AMEND

The Second Circuit encourages district courts to allow a *pro se* plaintiff at least one opportunity to amend his complaint before dismissing his claims with prejudice "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, Plaintiff has neither requested leave to amend nor opposed Defendant's motion to dismiss. Moreover, based on the deficiencies identified above, the Court is doubtful that Plaintiff can allege facts sufficient to state a valid claim. Nevertheless, because Plaintiff is *pro se* and the Court cannot rule out the possibility that, with further factual enhancement of his claims, Plaintiff could allege constitutional violations regarding his conditions of confinement and his medical treatment, the Court grants Plaintiff leave to file an amended complaint to correct the deficiencies identified herein. Any amended complaint must be filed by April 30, 2018. Absent leave of the Court, failure to file an amended complaint by that date will result in dismissal with prejudice.

## V. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted and Plaintiff's Complaint is dismissed with leave to file an amended complaint by April 30, 2018. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully requested to terminate the pending motion (Docket No. 24), mail a copy of this Opinion and Order to the *pro se* Plaintiff at his address of record, and close the case.

Dated: March 27, 2018
       White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge